IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES MONROE POLLOCK,

        Petitioner,

                                  CIVIL ACTION
  vs.                            No. 11-3125-SAC

RAY ROBERTS and the
KANSAS PAROLE COMMISSION,

        Respondents.


**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, a prisoner in state custody, presents four claims, three related to his 1983 convictions of aggravated sodomy, aggravated battery, and felony theft.

The fourth claim, however, alleges that petitioner suffers from an aortic aneurysm. He alleges medical staff at the prison have refused to authorize surgery for that condition. Because that claim does not involve the validity of petitioner's present incarceration, the claim should not proceed in this habeas corpus action but in a complaint filed pursuant to 42 U.S.C. §1983. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000)(holding that claims concerning a prisoner's conditions of

confinement must be brought in a civil rights complaint rather than in a petition for habeas corpus).

Shortly after he submitted the present action, petitioner filed an emergency motion to appoint counsel (Doc. 3). In that motion, he complains that the aneurysm has enlarged and that he is in serious danger as a result.

A party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action. *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

The court has considered the record and concludes the appointment of counsel to assist petitioner on the claim arising from his medical condition is warranted. Petitioner's allegations are serious in nature and require additional consideration by the court.

Accordingly, the court hereby appoints Jean K. Gilles

Phillips and Alice Craig White, members of the bar of this court, to represent the petitioner in resolving his claim arising from his medical condition.  These attorneys' business address is: The University of Kansas School of Law, Paul E. Wilson Project for Innocence and Post-Conviction Remedies, 1535 W. 15th St., Suite #409, Lawrence, KS, 66045, and the telephone number for that office is (785) 864-5571.

The court requests that both attorneys file a formal entry of appearance in this matter pending the filing of a civil rights complaint.  The court further suggests that they review D. Kan. Rules 83.5.3(e)(2) and (f), and 83.5.3.1 regarding the reimbursement of out-of-pocket expenses that are incurred by appointed counsel, available on the court's website at: www.ksd.uscourts.gov/forms/index.php.  Copies of this Order shall be sent to petitioner and to the attorneys appointed to represent him.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 20th day of July, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

3

4