IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES M. POLLOCK,

                    Petitioner,

      v.                                  CASE NO. 11-3125-SAC

RAY ROBERTS, et al.,

                    Respondents.

MEMORANDUM AND ORDER

This matter comes before the court upon petitioner's motions for leave to proceed in forma pauperis (Docs. 2 and 8) and motion for audit (Doc. 10).

**Background**

Petitioner, a prisoner at the Lansing Correctional Facility, commenced this matter pursuant to 28 U.S.C. § 2254. The petition contains three grounds challenging the validity of his 1983 convictions and one ground alleging a denial of adequate medical attention for an aortic aneurysm. Petitioner later filed an emergency motion to appoint counsel, in which he alleged he had been denied surgery for that medical condition, leaving him "under a death watch" (Doc. 3).

The court appointed counsel for the limited purpose of representing the petitioner by investigating whether a claim should be filed pursuant to 42 U.S.C. § 1983 concerning the petitioner's

access to medical care. Counsel completed the investigation and filed a motion to withdraw. By an order entered May 8, 2012, the court granted that motion.

## Discussion

**Motions to proceed in forma pauperis**

Petitioner has filed two motions for leave to proceed in forma pauperis. The court has reviewed the motions and concludes petitioner lacks the financial resources to pay the $5.00 filing fee in this matter. The motions to proceed in forma pauperis are granted.

**Motion for audit**

Petitioner also moves the court to conduct an independent audit of his institutional financial account. This request is not relevant to the petition for habeas corpus, and the court declines to order such an audit. Petitioner may present any questions concerning the management of his account through the institutional administrative remedy procedure.[1]

**The petition**

Petitioner was convicted in 1983 of aggravated sodomy, aggravated battery, and felony theft. *State v. Pollock*, 688 P.2d 744 (Table) (Kan. 1984). In 1986, he filed a motion for post-conviction relief pursuant to K.S.A. 60-1507. Relief was denied in October

---

[1] Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983... or any other Federal law, by a prisoner...until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

2

1986. He filed a petition for mandamus in the Kansas Supreme Court which was denied in October 1986. Appeals were denied in November 1986 and January 1987.

It does not appear that petitioner pursued any legal challenge to his conviction between 1987 and late 2009, although he purchased a trial transcript in 1993.

In 2009, petitioner filed a state post-conviction action pursuant to K.S.A. 60-1507. Relief was denied in February 2010. He then filed a state action pursuant to K.S.A. 60-1501; that action was dismissed in February 2011.

Petitioner commenced this action in July 2011. The court has examined the petition and liberally construes it to present four grounds for relief, namely:

> 1. He was denied due process and equal protection by defense counsel's failure to file subpoenas for witnesses and evidence and by defense counsel's bias against him;
> 2. He was denied due process and equal protection by defense counsel's refusal to allow him access to the trial transcripts;
> 3. The Kansas Parole Board erred in setting off his parole by three years in 1998; and
> 4. He has been denied surgery for an aortic aneurysm.

A petition for habeas corpus is the proper remedy for a prisoner challenging the legality of a conviction or sentence and seeking release from confinement or a shorter sentence. In contrast, a state prisoner who challenges the conditions of confinement must proceed under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir.2001)(contrasting the habeas corpus and civil rights remedies), *vacated as moot*, 268 F.3d 953 (10th Cir.2001).

Petitioner's claim concerning the denial of adequate medical care is a claim concerning the conditions of his confinement, and therefore, if he wishes to pursue relief on that claim, he must proceed in a civil rights action. The court will dismiss that claim from this action without prejudice.

The remaining three claims sound in habeas corpus. These claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA, effective April 24, 1996, imposed a one-year limitation period for the filing of a federal habeas corpus petition by a state prisoner. 28 U.S.C. § 2244(d)(1).

Because petitioner's conviction became final before the AEDPA's enactment on April 24, 1996, he had one year from that date to seek federal habeas corpus relief. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). Accordingly, unless the limitation period was tolled, the limitation period expired on April 24, 1997.

Under the AEDPA, the limitation period is tolled, or stopped, during the pendency of a state court action for post-conviction relief that is properly filed during the limitation period. 28 U.S.C. § 2244(d)(2). Likewise, the limitation period is subject to equitable tolling "in rare and exceptional circumstances". *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), *cert. denied*, 526 U.S. 1074 (1999)). Equitable tolling is available if "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998).

4

The court's review of the record suggests that petitioner did not file this petition for habeas corpus in a timely manner. The record does not shows that he took any action to challenge his 1983 conviction during the one-year period following the enactment of the AEDPA; in fact, it appears he took no action between 1986 and October 2009, except the purchase of a trial transcript in 1993.

And, while petitioner's state K.S.A. 60-1501 action concerning his parole eligibility was filed in 2010 and dismissed in 2011, it does not appear he pursued state appellate remedies from that decision. Only claims that have been properly exhausted may be presented for habeas corpus review. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)(state court remedies must be exhausted before a petitioner may seek federal habeas corpus relief).

Accordingly, the court will direct the petitioner to show cause why his habeas corpus claims should not be dismissed due to his failure to present the challenges to the legality of his conviction within the one year limitation period and due to his failure to present his claims concerning the denial of parole to the state appellate courts.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motions for leave to proceed in forma pauperis (Docs. 2 and 8) are granted.

IT IS FURTHER ORDERED petitioner's motion for audit (Doc. 10) is denied.

IT IS FURTHER ORDERED petitioner's claim alleging the denial of adequate medical care is dismissed without prejudice. Petitioner may commence a separate action pursuant to 42 U.S.C. § 1983 if he wishes

to pursue relief on that claim.

IT IS FURTHER ORDERED petitioner is granted to and including May 31, 2012, to show cause why the remaining claims should not be dismissed for the reasons set forth herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 10th day of May, 2012, at Topeka, Kansas.


　　　　　　　　　　　　　　　　S/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge