IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES M. POLLOCK,**

                **Petitioner,**

      v.                          CASE NO. 11-3125-SAC

**RAY ROBERTS, et al.,**

                **Respondents.**

**MEMORANDUM AND ORDER**

This matter comes before the court on petitioner's motion for reconsideration (Doc. 19). Petitioner seeks reconsideration of the court's order dismissing the present action for habeas corpus as time-barred, denying his request for a subpoena duces tecum as moot, and ruling that any claim alleging inadequate medical care must be submitted in a separate action filed under 42 U.S.C. § 1983 with the appropriate filing fee or a motion for leave to proceed in forma pauperis.

**Background**

Petitioner commenced this action as a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Shortly afterward, he filed an emergency motion to appoint counsel (Doc. 3). In that motion, he alleged that he was "under a death watch" due to the failure to treat an aortic aneurysm.

The court appointed counsel to evaluate that claim, noting that such a claim should not be pursued in an action filed in habeas corpus and also noting the gravity of petitioner's allegation of an untreated, life-threatening condition. Accordingly, the court

directed counsel to file an entry of appearance "pending the filing of a civil rights complaint" (Doc. 4, p. 3). Counsel conducted a review of the petitioner's claim concerning his medical condition but eventually sought leave to withdraw from this action. Their motion was granted by the court (Doc. 12), and in a separate memorandum and order (Doc. 13), the court dismissed petitioner's claim concerning medical care without prejudice and advised him that the claim must be pursued in a separate action filed pursuant to § 1983. Petitioner also was granted a period of time to show cause why his claims for habeas corpus relief should not be dismissed as time-barred.

Following review of petitioner's response, the court entered the order of dismissal at issue in the present motion for reconsideration.

## Discussion

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. *See Hatfield v. Bd. Of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Thus, the court will consider a motion to reconsider as either a motion to alter or amend filed pursuant to Rule 59(e) or a motion for relief from judgment filed pursuant to Rule 60(b). Here, because petitioner filed the motion within six days from the entry of judgment, the court will treat the motion as filed pursuant to Rule 59(e).[1]

A party seeking relief under Rule 59(e) must show (1) an intervening change in the controlling law; (2) new evidence that could not have been produced previously by due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

---

[1] Where the motion is filed more than 28 days after entry of judgment, the court will construe it as a motion under Rule 60(b0, which must be filed "within a reasonable time", and if the motion is made pursuant to Rule 60(b)(1)(2), or (3), no more than a year from the entry of judgment.

Relief under Rule 59(e) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006)(citations omitted).

The court has reviewed the motion but finds no basis to grant relief from the order of dismissal. Petitioner has not shown any intervening change in the law, new evidence, or clear error. Instead, he appears to assert that a document he filed in this matter constitutes a separate civil rights action. However, that pleading (Doc. 14) is not the separate action contemplated by the court's earlier orders in this matter, and petitioner cannot escape the fee obligation for an action under § 1983 by filing a pleading in this action raising claims concerning medical care.

In any event, the pleading filed by the petitioner does not contain a timely claim concerning medical attention. First, Count 1 refers to events in January 2008 and concerns a planned transfer of petitioner to a hospital. Petitioner alleges a guard removed a catheter from him, waved a pistol, and threatened to shoot someone. (Doc. 14, p. 3.) This claim must fail because it was not presented within the two-year limitation period that applies to an action under § 1983 filed in this district[2]. Next, both Count 2, which concerns a 1997 parole hearing, and Count 3, which states petitioner did not obtain a copy of transcripts until 1994, are claims that sound in habeas corpus and have no apparent nexus to a claim of constitutionally inadequate medical care. Accordingly, to the extent petitioner seeks reconsideration based upon his submission of that pleading, the court finds no basis to grant relief. This ruling will not prevent petitioner

---

[2] *See Baker v. Board of Regents of State of Kan.*, 991 F2d 628, 630-31 (10th Cir. 1983)(two-year limitation period under K.S.A. 60-513 applies to civil rights action filed pursuant to § 1983).

from presenting a timely claim concerning the medical care provided in a separate § 1983 action, but he is not entitled to relief based upon the pleading submitted in this action.

IT IS THEREFORE ORDERED petitioner's motion for reconsideration (Doc. 19) is construed as a motion filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 3d day of October, 2012, at Topeka, Kansas.

 S/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge